IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HARPLD REYNOLDS, (Trip);

Plaintiff,

vs.

VICKI KRAMER, Director, Nebraska Department of Transportation; and DAVID DAVIS, US Equal Employment Opportunity Commission;

Defendants.

**4:25CV3165**

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's Complaint, Filing No. 1, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court finds summary dismissal is appropriate but gives Plaintiff leave to file an Amended Complaint to remedy the deficiency.

## I. BACKGROUND

Plaintiff, Harold "Trip" Reynolds, is a Black male born in 1953. *See* Filing No. 1 at 1–6. He applied to a job posting with the Nebraska Department of Transportation for a Class and Compensation Manager position. Filing No. 1 at 6. The position appears to have been a manager-level human resource role. *See* Filing No. 1-4. The position listed a salary range of $53,664 to $84,052.80 per year. Filing No. 1-2 at 1. Reynolds contends he was qualified for the role because he had extensive experience in the public sector and HR positions. *See* Filing No. 1-1. Reynolds was interviewed for the position but not hired. Filing No. 1-3 at 1. Instead, NDOT hired a "'privileged' and less qualified non-minority female" who Reynolds elsewhere describes as a "younger White woman." Filing No. 1-3 at 1; Filing No. 1-4 at 12.

Reynolds obtained notes from the interview team and contends they reveal the NDOT decision-makers used a flawed and racially biased evaluation system. *See generally* Filing No. 1-2.

Reynolds filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), arguing NDOT used a biased selection tool which resulted in non-minority female being chosen for the role. Filing No. 1-2 at 1. He was issued a right-to-sue notice dated May 8, 2025. Filing No. 1-1 at 1. Reynolds timely[1] filed the present Complaint on August 7, 2025. In it, he alleges discrimination based on race, sex, and age under Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000e–2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; and the Nebraska Constitution Article I-30. Filing No. 1. He alleges the discrimination took the form of failure to hire and retaliation. Filing No. 1 at 4. He seeks compensatory damages of $105,066.00 for lost wages and punitive damages of $250,000. Filing No. 1 at 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[1] Although a suit alleging a violation of Title VII must be commenced within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC, *see Coleman v. Correct Care Sols.*, No. 8:13cv82, 2014 WL 4264774, at *3 n.1 (D. Neb. Aug. 28, 2014), courts presume that a right-to-sue letter is received three days after the EEOC mailed it, *Langford v. Wilkins*, 101 F.Supp.3d 809, 820 (E.D. Ark. 2015) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)). Plaintiff filed his complaint ninety-one days after the notice date, thus rendering it timely within the three-day grace period.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff alleges race, sex, and age discrimination under federal and state law. He claims he was discriminated against when NDOT refused to hire him and that it retaliated against him.

### A. Improper Defendant

Plaintiff claims NDOT failed to hire him. However, he has sued only Vicki Kramer, Director of NDOT, and David Davis, of the EEOC, not NDOT.

Plaintiff's employment discrimination claims are all premised on laws which provide a remedy only against an "employer." For example, the Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII."

*Bonomolo–Hagen v. Clay Central–Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997); *see also* *Lenhardt v. Basic Inst. of Tech.*, 55 F.3d 377, 381 (8th Cir. 1995) ("[S]upervisors and other employees cannot be held liable under Title VII in their individual capacities."). Plaintiff does not allege that either Kramer or Davis were his "employer." Rather, he alleges the Nebraska Department of Transportation was the potential employer who engaged in discrimination when it failed to hire him. As a result, plaintiff's claims against defendant Kramer and Davis must be dismissed.

Assuming Plaintiff chooses to amend his complaint to name the proper defendant (NDOT) as the Court will give him leave to do, the Court next evaluates whether his claims for discrimination as construed against that defendant would survive initial review.

**B. Title VII Race and Sex Discrimination**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

To assess a claim for race or sex discrimination in the absence of direct evidence, the Court applies the burden-shifting analysis from *McDonnell Douglas*. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (en banc). Under *McDonnell Douglas*,

Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Melvin v. Collins*, No. 8:23CV566, 2025 WL 2977702, at *4 (D. Neb. Oct. 22, 2025) (citing *Arraleh v. Cnty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006)). Once the plaintiff establishes his prima facie case, the employer may rebut the prima facie case by articulating one or more legitimate, nondiscriminatory reasons for its decision. *Arraleh*, 461 F.3d at 975. If the employer presents a nondiscriminatory reason for its decision, the plaintiff is left with the opportunity to demonstrate that the proffered reason is not the true reason for the employment decision. *Id.* at 975–76. At the pleading stage, the plaintiff need not prove a prima facie case. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002); *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) ("[T]he prima facie model is an evidentiary, not a pleading, standard."). However, the elements of a prima facie case may "shed light upon the plausibility of the claim" and are therefore considered when initially evaluating Title VII claims. *Blomker*, 831 F.3d at 1056 (internal quotation marks omitted).

As an initial matter, Plaintiff pleads a retaliation claim, but it does not survive initial review. First, Plaintiff did not include a retaliation claim in his EEOC charge and has therefore not exhausted his administrative remedies. Title VII requires that before a plaintiff can bring suit in court to allege unlawful discrimination, he must file a timely charge with the EEOC or a state or local agency with authority to seek relief. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012) (citing 42 U.S.C. § 2000e–5(e)(1)). A claim of retaliation is a discrete charge which must be separately exhausted.

*See id.* (holding that discrimination and retaliation claim are "discrete acts of alleged discrimination" which require separate administrative exhaustion).

Second, the facts do not support retaliation. Plaintiff argues he was rejected for the manager position after an interview. He does not allege that NDOT refused to hire him *because* he participated in a Title VII investigation or because he opposed an employment practice. Rather, because the alleged discrimination and the failure to hire were simultaneous, there could not have been any retaliatory motive in NDOT's failure to hire him. For both of these reasons, Plaintiff's retaliation claim must be dismissed.

Plaintiff's failure-to-hire claim is a different matter. To recover for failure to hire, Plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Melvin v. Collins*, No. 8:23CV566, 2025 WL 2977702, at *4 (D. Neb. Oct. 22, 2025). Because Plaintiff's sex-discrimination claim is one for reverse discrimination, he "must also show that background circumstances support the suspicion that [Defendant] is that unusual employer who discriminates against the majority." *Brackett v. Horner*, No. 8:21CV241, 2022 WL 170133, at *1 (D. Neb. Jan. 19, 2022) (quoting *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015)).

Here, Plaintiff has adequately pled a failure to hire based on his race and on the basis of his sex. He argues he is a member of a protected category (Black male), he was qualified for the role, and NDOT hired a White female instead. As to suspicious background circumstances for his reverse sex discrimination claim, he argues he can

show that the evaluation system used by NDOT was flawed and biased.[2] His Title VII race- and sex-discrimination claims based on failure to hire therefore would survive initial review if properly pled against NDOT.

**C. Age Discrimination**

"The ADEA prohibits a covered employer from failing or refusing to hire an individual who is at least forty years old because of the individual's age." *Lee v. Rheem Mfg. Co.*, 432 F.3d 849, 852 (8th Cir. 2005) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To establish a prima facie case of age discrimination in a failure-to-hire case, the plaintiff must prove the following: (1) that the plaintiff was in the protected age group (over forty); (2) that the plaintiff was otherwise qualified for the position; (3) that the plaintiff was not hired; and (4) that the employer hired a younger person to fill the position. *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1079 n.3 (8th Cir. 2008) (citing *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 856 (8th Cir. 2003)).

Here, Plaintiff has pleaded a viable claim for age discrimination. He asserts he is over the age of forty, that he was otherwise qualified for the position, that he did not receive the job, and that NDOT instead hired a younger person for the role.

**D. State Discrimination Claims**

Plaintiff also alleges Defendants' actions against him violated "Article I-30" of the Nebraska Constitution. *See* Neb. Const. Art. I, § 30. Article I, § 30 provides, "The state shall not discriminate against, or grant preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public

[2] The Court notes the inherent contradiction of alleging the evaluation system favored both a minority category (women) and a majority category (whites) but leaves such factual questions for a later stage of the case.

employment, public education, or public contracting." Plaintiff's argument seems to be that NDOT employed an interview assessment tool which was biased and improperly screened him out due to his sex and race.

As this Court has previously described, this constitutional amendment was passed in 2008 in response to an Omaha Municipal Code provision which "required the City to give certain priorities to minority-and women-owned businesses." *Reddick Mgmt. Corp. v. City of Omaha*, No. 8:16CV99, 2016 WL 1627608, at *1 (D. Neb. Apr. 22, 2016). There is scant case law interpreting this provision. However, the amendment itself states, "The remedies available for violations of this section shall be the same, regardless of the injured party's race, sex, color, ethnicity, or national origin, as are otherwise available for violations of Nebraska's antidiscrimination law." Neb. Const. art. I, § 30.

Nebraska's antidiscrimination laws prohibit discrimination on the basis of sex and race in the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1114 et seq. The NFEPA is patterned after federal law, *Gibson v. Concrete Equip. Co., Inc.*, 960 F.3d 1057, 1061 (8th Cir. 2020), and therefore Plaintiff's claims of state-law racial and sex discrimination survive initial review for the same reasons discussed above with respect to Title VII.

## IV. CONCLUSION

Plaintiff's complaint does not survive initial review because he fails to name a proper defendant. However, the Court will give him leave to file an amended complaint to add the Nebraska Department of Transportation as a defendant if he so chooses. For purposes of initial review only, the Court finds Plaintiff's complaint would state a claim for racial and sex discrimination under Title VII and the Nebraska Constitution, and a claim

for age discrimination under the ADEA and Nebraska based on a failure to hire if Plaintiff were to amend his complaint to add NDOT as a defendant. Because Plaintiff did not exhaust his administrative remedies by raising a retaliation claim in his EEOC complaint and the facts do not support retaliation, that claim is dismissed.

IT IS ORDERED:

1. Upon review of the complaint, the Court on its own motion grants Plaintiff leave to file an amended complaint that names a proper defendant (the Nebraska Department of Transportation). Plaintiff shall have until **September 3, 2026**, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.
2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings. Plaintiff may, however, incorporate by specific reference any of the documents attached to, and filed with, his original complaint.
3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.
4. The Clerk of the Court is directed to send Plaintiff a standard Pro Se 7 Form "Complaint for Employment Discrimination" along with a copy of this Memorandum and Order.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 3, 2026**: check for amended complaint.
6. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.
7. Plaintiff's Motion for Status, Filing No. 7, is granted to the extent stated herein.

Dated this 30th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge